UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Randolph C., | Case No. 19-cv-1848 (SRN/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| William P. Barr, Attorney General of the United States, | |
| Respondent. | |

---

Randolph C., Freeborn County Jail, 411 South Broadway Avenue, Albert Lea, MN, P.O. Box 170[1] (pro se Petitioner); and

Ana H. Voss, Ann M. Bildtsen, and Friedrich A. P. Siekert, Assistant United States Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis MN 55415 (for Respondent).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Petitioner Randolph C.'s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and 8 U.S.C. § 1231. (Pet., ECF No. 1). This action has been referred to the undersigned for a report and recommendation to the Honorable Susan R. Nelson, United States District Judge for the District of Minnesota, under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, this Court recommends that the petition be denied as moot and this action be dismissed.

---

[1] As explained below, Petitioner has been removed from the United States. Therefore, the address the Court has on file for him is likely incorrect.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a native and citizen of Liberia. (Pet. at 2). Petitioner entered the United States in February 2004. (Pet. at 2). He adjusted his status to that of lawful permanent resident in 2016. (Pet. at 2). In October 2018, ICE detained Petitioner and commenced removal proceedings against him. (Pet. at 2). An Immigration Judge ordered Petitioner removed to Liberia in January 2019. (Pet. at 2). Petitioner did not appeal the order of removal. (Pet. at 2).

On July 15, 2019, Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention and seeking release. (Pet. *passim*). Petitioner asserted that there was no likelihood of his removal in the reasonably foreseeable future. (Pet. at 2). He argued that his continued detention violated his due process rights. (Pet. at 4-6).

Petitioner was subsequently deported on August 13, 2019 via an ICE charter flight. (Pryd Decl., p. 2, ECF No. 6). Respondent answered the Petition on August 21, 2019. (ECF No. 5). Respondent argued that Petitioner's deportation renders this matter moot and requested that the petition be dismissed. (ECF No. 5).

### II. ANALYSIS

#### A. Mootness

The United States Constitution limits the jurisdiction of the federal courts to ongoing cases and controversies. *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000); *see* U.S. CONST. art. III, § 2. The case-or-controversy requirement exists at all stages of federal judicial proceedings. *Potter v. Norwest Mortg., Inc.*, 329 F.3d 608, 611 (8th Cir. 2003). It

2

is of no consequence that a claim was live at an earlier stage in the proceedings; a claim must be live when the court decides the issues. *South Dakota v. Hazen*, 914 F.2d 147, 150 (8th Cir. 1990). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Haden*, 212 F.3d at 469 (alteration in original) (quoting *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994)). Federal courts lack jurisdiction to hear moot cases. *Minn. Humane Soc'y v. Clark*, 184 F.3d 795, 797 (8th Cir. 1999). Thus, when an action is moot because it no longer satisfies the case-or-controversy requirement, "a federal court must dismiss the action." *Potter*, 329 F.3d at 611 (citing *Minn. Humane Soc'y*, 184 F.3d at 797).

In this case, Petitioner seeks release from ICE custody. Petitioner is no longer in ICE custody, however, because he has been removed from the United States. There is no longer an on-going controversy because Petitioner is no longer being detained. As Petitioner has been removed and is no longer in ICE custody, any order of release from the Court would be ineffectual. Because the Court cannot grant Petitioner effective relief, Petitioner's challenge to his continued detention pending removal is moot. *See, e.g., Ahmed v. Sessions*, No. 16-cv-2124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017) (habeas petition was moot because petitioner's removal from the United States left "nothing for the [c]ourt to grant by way of habeas relief" as petitioner was no longer in ICE custody), *adopting report and recommendation*, 2017 WL 3268176 (D. Minn. July 31, 2017); *Estrada-Heredia v. Holder*, Case No. 12-cv-1157 (SRN/SER), 2012 WL 4839113, at *2 (D. Minn. Sept. 25, 2012) (habeas petition moot where petitioner was already

repatriated to Mexico), *adopting report and recommendation*, 2012 WL 4839019 (D. Minn. Oct. 11, 2012); *Mhanna v. U.S. Dep't of Homeland Sec. Citizenship & Immigration Servs.*, No. 10-cv-292 (JRT/LIB), 2010 WL 5141803, at *12 (D. Minn. Dec. 13, 2010) (determining that petitioner's removal from the United States rendered habeas claim relating to ICE detention moot).

### B. Mootness Exceptions Do Not Apply

Nevertheless, if any of the following exceptions apply, a court should not dismiss a habeas petition as moot:

> (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Ahmed*, 2017 WL 3267738, at *2 (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002)). None of the exceptions applies here.

First, the collateral-injuries exception does not apply when such injuries are a result of the final order of removal and not the prolonged detention itself. *Id*. In this case, any continuing injury would follow from Petitioner's order of removal to Liberia rather than Petitioner's allegedly prolonged detention. *See id.* (finding that any continuing injury would follow the order of removal, which petitioner was unable to challenge in federal district court); *see also Sayonkon v. Beniecke*, No. 12-cv-27 (MJD/JJK), 2012 WL 1621149, at *2 (D. Minn. Apr. 17, 2012) ("But the collateral-consequences exception does not apply where such conditions follow from the final order of removal and not from the allegedly prolonged detention itself." (footnote omitted)), *adopting report and*

4

*recommendation*, 2012 WL 1622545 (D. Minn. May 9, 2012). Because there are no collateral consequences resulting from Petitioner's allegedly unlawful detention, this exception does not apply. *See Ahmed*, 2017 WL 3267738, at *2; *Yelengi v. Lynch*, No. 16-cv-2397 (SRN/TNL), 2017 WL 2123927, at *3 (D. Minn. Apr. 26, 2017), *adopting report and* recommendation, 2017 WL 2124398 (D. Minn. May 16, 2017).

Second, the capable-of-repetition exception applies when "the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and . . . there is a reasonable expectation that the same complaining party will be subject to the same action again." *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (quotation omitted). This narrow exception likewise does not apply here because there is nothing further to litigate in Petitioner's case. *See Ahmed*, 2017 WL 3267738, at *3 (finding the capable-of-repetition exception to mootness did not apply where ICE effectively removed petitioner from the United States). Nor is there a reasonable expectation that ICE will hold Petitioner in custody again. *See id.*

Third, the voluntary-cessation exception does not apply as "this is not a case in which the government voluntarily ceased allegedly unlawful conduct but is free to restart such conduct at whim." *Kargbo v. Brott*, No. 15-cv-2713 (PJS/LIB), 2016 WL 3676162, at *2 (D. Minn. July 6, 2016) (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). If ICE brought Petitioner back into custody, "it would be under a new set of circumstances and facts, and would be impossible for the government to repeat the *same* unlawful conduct that Petitioner challenged." *Yelengi*, 2017 WL 2123927, at *3 (quotation omitted).

Finally, the class-action exception does not apply because this case involves an individual detainee's request for relief on his own behalf. Because the Court is unable to grant effective relief to Petitioner, and none of the above-mentioned exceptions to mootness apply, the Petition must be denied as moot.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, (ECF No. 1), be **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

Date: October 3, 2019

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Randolph C. v. Barr*
Case No. 19-cv-1848 (SRN/TNL)

### NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).